```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          NORTHERN DIVISION
```

JERRY HUMMEL,                          )
                                       )
                Plaintiff,             )
                                       )
        vs.                            )    No. 2:04CV52-DJS
                                       )
CITY OF MONTGOMERY, MISSOURI,          )
                                       )
                Defendant.             )

## ORDER

Plaintiff Jerry Hummel brings suit against defendant City of Montgomery, Missouri ("the City") alleging that defendant has threatened to discontinue plaintiff's utility service should plaintiff's adult son move into plaintiff's residence. According to documents attached to the complaint, plaintiff's son owes the City $909.62 in unpaid utility bills from his previous residence. Under Montgomery ordinances, utilities are subject to termination based on an occupant's failure to pay utility bills at his previous residence. Plaintiff filed this action in the Circuit Court of Montgomery County, Missouri and defendant subsequently removed this action pursuant to 28 U.S.C. §1441.

Plaintiff has filed an objection to further proceedings, which the Court has construed as a motion to remand. Plaintiff argues that this cause does not contain any issues or allegations which give rise to federal jurisdiction. Section 1441(b) provides that "[a]ny civil action of which the district courts have original

jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable." Here, plaintiff's petition does not cite any specific law or statute, however the petition does invoke plaintiff's right to freedom of association. Defendant argues that plaintiff's claim is therefore founded on rights protected by the United States Constitution and that federal jurisdiction exists.

> [Generally,] the governing removal jurisdiction principle is this: the right or immunity created by the Constitution, a treaty, or some meaningful aspect of federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal must be an essential element of the plaintiff's properly pleaded claim for relief.

14B Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction 3d</u> §3722, p. 388 (1998). For federal law to be an essential element "plaintiff's complaint must be supported under one construction of federal law and defeated under another." <u>Id.</u> at §3722, p. 400. Moreover, "the federal question must be presented on the face of the plaintiff's complaint." <u>Id.</u> at §3722, p. 402.

Here, it is not clear from the face of the petition which Constitution, state or federal, the plaintiff has invoked. While freedom of association is guaranteed by the United States Constitution, the Missouri Constitution likewise protects freedom of association. <u>See</u> <u>Meyer v. St. Louis County</u>, 602 S.W.2d 728, 739 (Mo.Ct.App. 1980). Thus, as plaintiff's petition may be founded only upon a construction of the Missouri Constitution, it cannot be said federal law is an essential element of plaintiff's petition.

Therefore, the Court will grant plaintiff's motion and remand this action to the Circuit Court of Montgomery County, Missouri. In future, plaintiff's explicit reliance on federal law will permit a timely removal of the action pursuant to the second paragraph of §1446(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objection to further proceedings [Doc. #10], construed as a motion to remand, is granted.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that all other pending motions in this case are denied without prejudice for lack of jurisdiction.

Dated this   9th    day of May, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE